United States District Court

Eastern District of California

Andre Ramon Craver,

     Plaintiff,                    Civ. No. S 03-1979 GEB PAN P

  vs.                              Order

Sacramento County, et al.,

     Defendants.

-oOo-

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action. Plaintiff moved for appointment of counsel on November 21, 2005.

    In proceedings that do not threaten a litigant with loss of physical liberty, there presumptively is no right to appointed counsel. Lassiter v. Department of Social Services, 452 U.S. 18, 26-27 (1981). Section 1915(e)(1) of Title 28 confers discretion upon the court to request counsel represent an indigent civil litigant. Mallard v. District Court, 490 U.S. 296 (1989).

1    In deciding whether to appoint counsel the court exercises
2 discretion governed by a number of factors, including the
3 likelihood of success on the merits and the applicant's ability
4 to present his claims in light of their complexity. <u>Weygandt v.
5 Look</u>, 718 F.2d 952, 954 (9th Cir. 1983); <u>see</u> <u>also</u>, <u>LaMere v.
6 Risley</u>, 827 F.2d 622, 626 (9th Cir. 1987). Ordinarily the
7 presumption of regularity in the state's procedures for confining
8 prisoners suggests a lack of likely success and counsels against
9 appointment of counsel. <u>See</u> <u>Maclin v. Freake</u>, 650 F.2d 885, 887
10 (7th Cir. 1981). As a general rule, the court will not appoint
11 counsel unless the applicant shows his claim has merit in fact
12 and law. <u>Id.</u> Even if the applicant overcomes this hurdle, the
13 court will not appoint counsel if the law is settled and the
14 material facts are within the plaintiff's possession, viz., they
15 do not require investigation outside the prison walls. <u>Id.</u> at
16 887-88.
17    Here, plaintiff alleges his constitutional rights were
18 violated when defendants used excessive force against him while
19 he was in the custody of the Sacramento County Jail. The law
20 governing these issues is settled and investigation outside the
21 prison walls is unnecessary to discover material facts. There
22 is, on the record before the court, no reason to believe
23 appointment of counsel would be of significant benefit.
24    Plaintiff's November 21, 2005, motion for the appointment of
25 counsel therefore is denied.
26    Plaintiff's November 21, 2005, motion for appointment of a

1 private investigator is denied.  See Tedder v. Odel, 890 F.2d 210
2 (9th Cir. 1898) (in forma pauperis status does not entitle a
3 litigant to costs).
4      Plaintiff's November 22, 2005, motion to vacate the
5 scheduling order is denied without prejudice.  Plaintiff may
6 renew the motion with a particularized showing of why he needs
7 more time to complete specific discovery, and how he has been
8 diligent in attempting to obtain discovery sooner.
9      So ordered.
10      Dated:  January 5, 2006.

                                        /s/ Peter A. Nowinski
                                        PETER A. NOWINSKI
                                        Magistrate Judge