IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDRE RAMON CARVER,

        Plaintiff,                  No. CIV S-03-1979 GEB PAN P

    vs.

SACRAMENTO COUNTY, et al.,

        Defendants.         <u>PRETRIAL ORDER</u>

_____/

        Pursuant to court order the parties have submitted pretrial statements.  Upon review of the statements and the remainder of the file, and good cause appearing therefor, this court makes the following findings and orders:

<u>JURISDICTION/VENUE</u>

        Jurisdiction is predicated upon 28 U.S.C. § 1331 arising under 42 U.S.C. § 1983.  Venue is proper.  There is no dispute over either jurisdiction or venue.

<u>JURY/NON-JURY</u>

        Defendants have timely requested trial by jury.

/////

/////

/////

UNDISPUTED FACTS[1]

1. On August 9, 2002, plaintiff was incarcerated as a pretrial detainee at the Sacramento County Main Jail.

2. On that day, plaintiff was involved in a fight with four other inmates.

3. Plaintiff exited his cell and began yelling and swinging his medically prescribed cane.

4. Plaintiff broke his wooden cane into two pieces, each of which had a sharpened end, which he held in each of his hands.

5. Defendant Allbee responded to plaintiff's location following a radio call of an inmate fight.

6. After responding to the radio call, defendant Allbee struck plaintiff.

DISPUTED FACTUAL ISSUES

1. Whether plaintiff followed deputies' commands in the moments preceding and during the incident.

2. Whether plaintiff took an aggressive stance toward any of the sheriff's deputies during the incident.

3. Whether plaintiff resisted deputies' efforts to secure his hands before defendant Allbee struck plaintiff.

4. Whether plaintiff made an effort to grab a weapon during the incident at issue.

5. Whether another deputy held plaintiff in a controlled arm bar hold while defendant Allbee struck plaintiff.

6. The extent of force used by defendant Allbee and whether such force was excessive.

---

[1] The parties each submitted statements of undisputed facts in their pretrial statements. On June 19, 2006, plaintiff moved to strike several of the statements of undisputed fact set forth by defendants. The statements disputed by plaintiff in his motion will not be included in the undisputed facts section of this pretrial order.

7. Whether defendant Allbee had a history of internal affairs complaints dealing with assault on jail inmates.

8. Whether Sacramento County knew of defendant Allbee's alleged history of assaultive behavior and failed to correct it.

9. The extent of plaintiff's injuries and whether they were caused by his own resistance to the deputies or by defendant Allbee's use of force.

DISPUTED EVIDENTIARY ISSUES

The parties have not identified specific evidentiary disputes in their pretrial statements. All motions in limine shall be filed not later than seven days before the date set for trial.

SPECIAL FACTUAL INFORMATION

None applicable.

RELIEF SOUGHT

1. In the complaint, plaintiff seeks compensatory damages of $250,000.00.

2. In addition, plaintiff seeks punitive damages of $500,000.00

3. Plaintiff also seeks injunctive relief requiring termination of defendant Allbee's employment and prevention of reprisals against plaintiff and his visitors. Plaintiff is no longer incarcerated at the Sacramento County Mail Jail.

POINTS OF LAW

The parties shall brief the elements, standards and burden of proof of the claims herein presented by plaintiff under the applicable constitutional amendment, statutes and regulations. Trial briefs shall be filed with this court no later than ten days prior to the date of trial in accordance with Local Rule 16-285.

ABANDONED ISSUES

No issues have been abandoned.

/////

1  WITNESSES

2        Plaintiff anticipates calling, either in person or by deposition:

3      1.  Walter C. Johnson.[2]

4      2.  Sloan Kozan, R.N.

5      3.  Deputy Green.

6      4.  Deputy Asia.

7        Plaintiff is referred to the provisions of the scheduling order filed August 25, 2005

8  with respect to obtaining the attendance of unincarcerated witnesses at trial.

9        Plaintiff has also identified six inmates as potential witnesses for trial, but he has

10 not made a motion for their attendance nor otherwise complied with the requirements of the

11 August 25, 2005 pretrial order.  Said inmates will therefore not be included on plaintiff's witness

12 list for trial.

13       Defendants anticipate calling, either in person or by deposition:

14     1.  Defendant Deputy Darren Allbee (expert).

15     2.  Deputy Michelle Allen (expert).

16     3.  Deputy Greg Yue (expert).

17     4.  Don Cameron (expert).

18     5.  Spencer Silverbach, M.D. (expert)

19     6.  Plaintiff Andre Carver.[3]

20       Each party may call any witnesses designated by the other.

21     A.  No other witness will be permitted to testify unless:

---

[2] It is not clear from the pretrial statement whether this individual is an incarcerated or an unincarcerated witness.  If said witness is incarcerated, he will not be called at trial due to plaintiff's failure to comply with the requirements of the August 25, 2005 scheduling order for obtaining the attendance of incarcerated witnesses at trial.

[3] Plaintiff objects to defendants' identification of plaintiff as a defense witness.  See Plaintiff's Objections to Defendants List of Witnesses, filed June 19, 2006.

    (1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated at the pretrial conference, or

    (2) The witness was discovered after the pretrial conference and the proffering party makes the showing required in "B," below.

  B. Upon the post pretrial discovery of witnesses, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so that the court may consider at trial whether the witnesses shall be permitted to testify.  The witnesses will not be permitted unless:

    (1) The witnesses could not reasonably have been discovered prior to pretrial;

    (2) The court and the opposing party were promptly notified upon discovery of the witnesses;

    (3) If time permitted, the party proffered the witnesses for deposition;

    (4) If time did not permit, a reasonable summary of the witnesses' testimony was provided to the opposing party.

<u>EXHIBITS, SCHEDULES AND SUMMARIES</u>

  Plaintiff has not identified any exhibits for trial.

  Defendants anticipate offering:

  1. Plaintiff's Complaint.

  2. Defendants' Answer.

  3. Plaintiff's Criminal Convictions/Judgments.

  4. Video footage of the Sacramento County Main Jail, 5 West, 300 pod.

  5. Sacramento County Sheriff's Department Casualty Report 02-0063059.

  6. Sacramento County Sheriff's Department Incident Report 0858321212.

  7. Radiology Report of September 3, 2002 prepared by Dr. Silverbach.

1    8.  Sacramento County Main Jail General Order 2/11 – Use of Force.
2    9.  Sacramento County Main Jail Operations Order 3/11 – Use of Force.
3    10. Report of Expert Witness Don Cameron.
4    11. Deposition transcript of Plaintiff, or portions thereof, including exhibits.
5    12. Plaintiff's Statements.

Defendants shall bring copies of their exhibits to the trial confirmation hearing where they will be exchanged.

All objections to exhibits shall be filed at least ten days before trial. Each exhibit not timely objected to will be forthwith received into evidence. Defendants will use sequential letters to mark their exhibits.

A. No other exhibits will be permitted to be introduced unless:

1. The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not have been reasonably anticipated, or

2. The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in Paragraph "B," below.

B. Upon the post pretrial discovery of exhibits, the parties shall promptly inform the court and opposing party of the existence of such exhibits so that the court may consider at trial their admissibility. The exhibits will not be received unless the proffering party demonstrates:

1. The exhibits could not reasonably have been discovered earlier;

2. The court and the opposing party were promptly informed of their existence;

3. The proffering party forwarded a copy of the exhibit(s) (if physically possible) to the opposing party. If the exhibit(s) may not be copied the

/////

proffering party must show that he has made the exhibit(s) reasonably available for inspection by the opposing party.

The parties are directed to bring copies of each exhibit to the trial confirmation hearing, where they will be exchanged. In addition, the parties are directed to bring an original and one copy of each exhibit to the trial. The original exhibit becomes the property of the court for purposes of trial. The copy is for bench use during trial.

DISCOVERY DOCUMENTS

Plaintiff anticipates the use of:

1. Defendant Allbee's deposition if one is taken.
2. All interrogatories responses by plaintiff and defendants.
3. All admission responses by defendant.
4. All documents produced in discovery.

Defendants anticipate the use of:

1. Defendants' Special Interrogatories, Set One.
2. Plaintiff's responses to Special Interrogatories, Set One.

FURTHER DISCOVERY OR MOTIONS

Discovery closed on December 23, 2005.

Motions in limine must be filed seven days prior to the trial.

STIPULATIONS

At this time the parties have reached no stipulations.

AMENDMENTS/DISMISSALS

None.

SETTLEMENT NEGOTIATIONS

It appears that a settlement conference is not warranted in this case.

AGREED STATEMENTS

None.

SEPARATE TRIAL OF ISSUES

Defendants propose bifurcation of the issues of liability and damages.

IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

Not applicable.

ATTORNEYS' FEES

Plaintiff is not represented by counsel. Defendants say they may seek attorneys' fees.

TRIAL CONFIRMATION HEARING

A trial confirmation hearing is set for August 18, 2006 at 11:00 a.m. before the Honorable Garland E. Burrell, Jr. in Courtroom # 10.

ESTIMATED TIME OF TRIAL/TRIAL DATE

Jury trial is set for August 29, 2006 at 9:00 a.m. in Courtroom # 10 before the Honorable Garland E. Burrell, Jr.

PROPOSED JURY VOIR DIRE AND PROPOSED JURY INSTRUCTIONS

The parties are directed to Local Rule 47-162(a) and Local Rule 51-163(a) for procedures and time limits regarding proposed voir dire and proposed jury instructions, respectively. The provisions of said local rules notwithstanding, the parties shall file proposed voir dire and proposed jury instructions, if any, not later than August 22, 2006.

MISCELLANEOUS

Plaintiff's present custodian shall provide for plaintiff's presence at the trial confirmation hearing and at trial pursuant to the writs of habeas corpus ad testificandum to be issued. All parties shall take any steps necessary to facilitate execution of said writs. The parties and plaintiff's custodian are cautioned that sanctions will be imposed for failure to comply with court orders.

Counsel are directed to Local Rule 16-285 regarding the contents and the deadline for filing trial briefs.

OBJECTIONS TO PRETRIAL ORDER

Each party is granted fifteen days from the date of this order to file objections to same. If no objections are filed, the order will become final without further order of this court.

DATED: July 17, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

12
crav19779.82