IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDRE RAMON CRAVER,               )
                                  )        2:03-cv-1979-GEB-PAN(JFM)-P
                Plaintiff,        )
                                  )        <u>SUPPLEMENT TO PRETRIAL ORDER</u>
        v.                        )
                                  )
SACRAMENTO COUNTY, et al.,        )
                                  )
                Defendants.       )
                                  )

At the trial confirmation hearing held in this action on August 18, 2006, the trial was confirmed to commence at 9:00 a.m. on August 29, 2006.  This Order issues as a supplement to the Final Pretrial Order ("FPO") filed July 17, 2006, and finalizes that Order.

During the trial confirmation hearing, the following rulings issued:

1.  Plaintiff is allowed to have his sixteen page mental health file and the Privilege Log included as identified exhibits on page five of the FPO, since the FPO includes reference to Plaintiff's use of "[a]ll documents produced in discovery" and states: "Plaintiff

anticipates . . . us[ing] all documents produced in discovery" at trial.  (FPO at 7.)[1]

      2.   Plaintiff's objection to the ruling in the FPO that his potential inmate witnesses will not be included on his list of witnesses because of his failure to comply with the requirements of the Scheduling Order filed August 25, 2005, is overruled.

      3.   Plaintiff's objection to Defendants' anticipated use of expert witnesses at trial shall be argued in an in limine motion.

      4.   Plaintiff's objection regarding the use of his prior criminal convictions shall be argued in an in limine motion.

      5.   Plaintiff stipulated to the authentication of Defendants' video footage of the Sacramento County Main Jail, 5 West, 300 pod, thereby eliminating the need for Defendants to call Deputy Greg Yue as a witness.[2]

      6.   It is anticipated that the trial will last approximately two days.

      7.   Plaintiff will appear at trial with leg restraints that are shielded from a juror's view by the counsel table, where he will be seated.

      8.   The judge will ask all voir dire questions.  During voir dire the judge will ask, "Does a party have additional input?" If a party responds "yes," that party shall give the Courtroom Deputy that party's written question or questions.

---

[1]   Plaintiff represented during the hearing that these items were "produced in discovery."

[2]   Defendants' counsel represented that the only reason Deputy Greg Yue would be called as a witness would be to authenticate the video footage.

9.   The attached "Query re Excuse Potential Jurors" document and "Strike Sheet" were discussed at the trial confirmation hearing and will be used during jury selection.

10.   Eight jurors will be selected by the method explained at the trial confirmation hearing.

11.   Each side's opening statement may not exceed 10 minutes; each side's closing argument may not exceed 20 minutes.

12.   If a second phase of trial is needed to determine an amount of punitive damages, each side is limited to 10 minutes for closing argument on this issue.

IT IS SO ORDERED.

Dated:  August 21, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge

<u>Query re Excuse Potential Juror</u>

Do you Agree that Juror No. _____ should be excused for the reason stated by the juror or for any other reason?  (Check applicable box below)

|  | Plaintiff | | Defendant's Attorney | |
|---|---|---|---|---|
| RESPONSE: | ☐ | ☐ | ☐ | ☐ |
|  | Yes | No | Yes | No |

STRIKE SHEET

Plaintiff    1_____          Defendant   1_____

             2_____                      2_____

             3_____                      3_____